NOT FOR PUBLICATION (Doc. Nos. 8, 32, 37)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Crystal LANGFORD, | : |
| Plaintiff, | : Civil No. 16-1023 (RBK/AMD) |
| v. | : **Opinion** |
| GLOUCESTER TOWNSHIP POLICE DEPARTMENT, | : |
| Defendant(s). | : |

**KUGLER**, United States District Judge:

Plaintiff Crystal Langford ("Plaintiff") brings this action against Defendants Gloucester Township Police Department, Gloucester Township, Paul Fisher, Thomas Knapp, Jr., Aquasia Davis, Anthony Massi, Lieutenant Kelljan, Winslow Township, Winslow Township Police Department, and John Does 1–10 ("Defendants"). Plaintiff asserts claims of malicious prosecution, false arrest, selective enforcement, civil rights violations, and *Monell*. Defendants Winslow Township Police Department and Winslow Township ("Winslow Defendants") and Aquasia Davis ("Davis") respectively move to dismiss the Complaint (Doc. Nos. 8, 32). Plaintiff moves for leave to amend the Complaint (Doc. No. 37). For the reasons expressed below, Winslow Defendants' Motion to Dismiss is **GRANTED**, Davis's Motion to Dismiss is **GRANTED**, and Plaintiff's Motion to Amend the Complaint is **DENIED**.

I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an African-American female who resides in New Jersey. Compl. ¶¶ 1, 14. On April 29, 2014 at around 11:00 a.m., Plaintiff was driving her car in Winslow Township when

she was stopped by two police officers of the Winslow Police Department ("Winslow PD") for driving with an expired motor vehicle registration. *Id.* ¶¶ 15–16. Because of her expired registration, an officer ordered her car towed and then drove her home. *Id.* ¶ 17. The officer and Plaintiff arrived at her residence around 12:30 p.m. *Id.* ¶ 18.

At around 1:30 p.m., another Winslow Police Officer arrived at Plaintiff's home. *Id.* ¶ 21. The officer explained that the Gloucester Police Department ("Gloucester PD") had radioed regarding Plaintiff's alleged involvement in an altercation with Shermaine Lewis that morning. *Id.* ¶ 21. Plaintiff has full custody of Ms. Lewis's children, and obtained a restraining order against Ms. Lewis due to her anger over the custody arrangement. *Id.* ¶¶ 28–29. Ms. Lewis had supposedly made false reports to the police and Department of Youth and Family Services regarding Plaintiff on previous occasions. *Id.* ¶ 31. The Winslow Police Officer stated he was at Plaintiff's residence to investigate the reported fight and proceeded to examine Plaintiff's hands for evidence. *Id.* ¶¶ 21–22. Plaintiff explained that she could not have been involved because she had been with Winslow Police Officers earlier that day. *Id.* ¶ 23. During this conversation, the officer who had driven Plaintiff home also arrived at her residence and corroborated Plaintiff's statement, stating that it was unlikely if not impossible for Plaintiff to have been involved in the altercation given the timing. *Id.* The Winslow Police Officers informed Plaintiff they would communicate the above information to the Gloucester PD and left. *Id.* ¶ 24.

At 8:00 p.m., Winslow Police Officers returned to Plaintiff's home and arrested her upon a warrant issued by Paul Fisher and Thomas Knapp, Jr., police officers at the Gloucester PD. *Id.* ¶ 26. After arriving at the Winslow PD, Plaintiff waived her Miranda rights and provided a statement explaining her whereabouts that day. *Id.* ¶ 36. The statement was allegedly corroborated by written reports made by the Winslow PD. *Id.* According to the Complaint, the

Gloucester PD willfully ignored the statements by Plaintiff and the Winslow PD in its requests to charge, affidavits of probable cause, or evidence presented to the grand jury in connection with Plaintiff's case. *Id.* ¶ 37. Additionally, Plaintiff pleads that the Gloucester PD willfully credited the false statements of Ms. Lewis and Ms. Lewis's friend. *Id.* Plaintiff was charged with burglary, aggravated assault, possession of a weapon for unlawful purpose, unlawful possession of a weapon, and criminal mischief. *Id.* ¶ 44.

Plaintiff served one month in prison and, upon posting bail, was confined to house arrest for one year. *Id.* ¶ 46. During the time she was in prison, Plaintiff claims, Aquasia Davis, Anthony Massi, and Lieutenant Kelljan carried out an investigation of Plaintiff's case that aimed to bolster the false charges against Plaintiff rather than determine what actually occurred. *Id.* ¶ 50. Plaintiff alleges the investigation report contained hearsay and false statements, for instance a statement from Ms. Lewis that Plaintiff made a threat to kill someone at a funeral that took place while Plaintiff was in prison. *Id.* ¶ 52. On September 2, 2015, Plaintiff was acquitted of all charges. *Id.* ¶ 48. As a result of Defendants' actions, Plaintiff claims, she suffered damages of imprisonment, economic loss, future lost earning capacity, lost opportunity, loss of future wages, emotional distress, mental anguish, humiliation, pain and suffering, and consequential damages. *Id.* ¶ 54.

Plaintiff filed a Complaint against Defendants on February 23, 2016 (Doc. No. 1), bringing claims of malicious prosecution under 42 U.S.C. § 1983 and common law, false arrest under 42 U.S.C. § 1983 and common law, selective enforcement, civil rights violations, and *Monell*. On April 22, 2016, Winslow Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 8), and on June 14, 2016 Winslow Defendants filed a letter requesting leave to file a supplemental brief (Doc. No. 26). On July 12, 2016, Davis also

filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 32). On July 19, 2016, Plaintiff filed a Motion to Amend the Complaint (Doc. No. 37).

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In making this determination, the court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "[T]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

### III.   WINSLOW DEFENDANTS' AND DAVIS'S MOTIONS TO DISMISS

Winslow Defendants and Davis brought respective Motions to Dismiss. The Motions were filed before Plaintiff's Motion to Amend the Complaint. however, because the Court finds that amending the Complaint would be futile, *see infra* Part IV, the original Complaint remains operative and the Court proceeds with addressing the Motions to Dismiss.

#### A.   Malicious Prosecution (Counts I and III)

##### 1.   *Winslow Township and Winslow PD*

Plaintiff asserts malicious prosecution claims against Winslow Township and the Winslow PD. A municipality cannot be held liable for unconstitutional acts of its employees on a theory of *respondeat superior*, *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)), so the Court will analyze Plaintiff's § 1983 claims under the discussion of *Monell* (Count VI). Plaintiff's state law claim of malicious prosecution claim is barred by immunity. The New Jersey Tort Claims Act ("NJTCA") confers immunity to a public entity for acts of its employees that constitute crime, actual fraud, actual malice, or willful misconduct, N.J. Stat. Ann. § 59:2–1(a), and the tort of malicious prosecution requires proof of actual malice. Thus,

Winslow Township and the Winslow PD have immunity against Plaintiff's common law malicious prosecution claim.

### 2. *Davis*

Plaintiff brings malicious prosecution claims against Davis in her personal capacity.[1] Absolute immunity bars the malicious prosecution claim under § 1983. Although a suit may be brought against a prosecutor in her individual capacity, absolute immunity may still apply if "the official seeking absolute immunity [shows] that such immunity is justified for the function in question." *Yarris v. Cty. of Del.*, 465 F.3d 129, 136 (3d Cir. 2006) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)). The Third Circuit has concluded that county prosecutors are acting as arms of the state and entitled to absolute immunity when performing classic law enforcement and investigative functions. *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013). This immunity extends to investigators employed by a prosecutor's office if the investigator performs investigative work in connection with a criminal prosecution. *Davis v. Grusemeyer*, 996 F.2d 617, 631 (3d Cir. 1993), *abrogated on other grounds by Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir. 1998). Davis is an investigator with the Camden County Prosecutor's Office and prepared an investigation on Plaintiff as part of the criminal case against her. Davis is thus entitled to absolute immunity for her investigatory work, and the Court dismisses with prejudice the malicious prosecution claim under § 1983 against Davis.

Plaintiff also brings a malicious prosecution claim under common law against Davis. Davis argues that Davis has immunity under the NJTCA and Plaintiff failed to provide notice as required under the NJTCA, N.J. Stat. Ann. § 59:8–3. The NJTCA does not immunize a public employee for conduct that constitutes actual malice. N.J. Stat. Ann. § 59:3–14. Because a

---

[1] Plaintiff agreed to dismiss all claims against Davis in her official capacity. Pl.'s Opp'n Br. 12.

malicious prosecution claim requires a showing of actual malice, *see infra*, immunity does not bar the common law malicious prosecution claim. Regarding the notice requirement of the NJTCA, the New Jersey Supreme Court has held that the provision cannot bar constitutional claims because "statutes [cannot] abrogate constitutional rights," *Greenway Dev. Co. v. Borough of Paramus*, 750 A.2d 764, 770 (N.J. 2000) (citations omitted). New Jersey courts, however, have appeared to subject malicious prosecution claims to the requirements of the NJTCA as a common law tort claim. *See Velez v. City of Jersey City*, 850 A.2d 1238, 1245–46 (N.J. 2004). Regardless, the Court need not resolve this issue because Plaintiff's malicious prosecution claim fails on the merits.

In New Jersey, a common law claim for malicious prosecution requires a plaintiff to prove: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; [and] (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (citations omitted). A grand jury indictment creates prima facie evidence of probable cause to prosecute that can be rebutted only by "evidence that the presentment was procured by fraud, perjury or other corrupt means." *Milburn v. City of York*, 612 F. App'x 119, 123 (3d Cir. 2015) (citations omitted).

In the instant matter, the grand jury issued an indictment naming Plaintiff on charges of burglary, aggravated assault, possession of a weapon for unlawful purpose, and unlawful possession of a weapon, which Winslow Defendants attached as an exhibit to a supplemental brief to its Motion to Dismiss. Plaintiff argues that evidence outside the Complaint should not be considered on a motion to dismiss. In deciding a motion to dismiss, the court may rely on "the complaint, attached exhibits, and matters of public record" without converting the motion to one

7

of summary judgment. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider exhibits attached to a defendant's motion if they are "indisputably authentic documents underlying the plaintiff's claims." *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003). Plaintiff's allegations in this case arise from the criminal charges instituted against her, and the authenticity of the indictment is not under dispute. Thus, the Court finds the indictment does constitute an authentic document upon which the Court can rely in deciding the Motions to Dismiss.

Because an indictment creates a rebuttal presumption of probable cause, Plaintiff cannot show that the criminal proceeding was initiated without probable cause unless she pleads facts supporting the presence of fraud, perjury, or other corrupt means in procuring the presentment. The Complaint as currently pleaded contains no such factual matter. However, the Court will allow Plaintiff an opportunity to amend the Complaint to rebut the probable cause presumption, and dismisses Counts I and III against Davis without prejudice.

### B. False Arrest (Counts II and IV)

#### 1. Winslow Township, Winslow PD, and Davis

Plaintiff brings false arrest claims under § 1983 and common law against Winslow Township, the Winslow PD, and Davis. False arrest is distinguished from malicious prosecution by the absence of legal process. *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007). Damages for false arrest "cover the time of detention up until issuance of process or arraignment, but not more." *Id.* at 290 (quoting W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Law of Torts* § 119, p. 888 (5th ed. 1984)). Here, Plaintiff pleads that Winslow Police Officers arrested Plaintiff pursuant to a warrant, so Plaintiff's false arrest claims against Winslow Defendants cannot stand. Plaintiff alleges that Davis improperly investigated Plaintiff's case

8

beginning in May 15, 2014, which post-dates the issuance of the warrant and thus also proves fatal to the false arrest claim. As a result, the Court grants Winslow Defendants' and Davis's Motions to Dismiss Counts II and IV with prejudice.

      **C.**      **Selective Enforcement Under the Fourteenth Amendment (Count V)**

            *1. Winslow Township and Winslow PD*

To the extent Plaintiff seeks to bring a selective enforcement claim against Winslow Township and the Winslow PD, Plaintiff can do so only under a *Monell* theory. *See Monell*, 436 U.S. at 691. Thus, the Court analyzes this claim under the section on *Monell* (Count VI).

            *2. Davis*

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. This is not a command that all persons be treated alike, but rather a direction that all persons similarly situated be treated alike. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." *Washington v. Davis*, 426 U.S. 229, 239 (1976), or any other suspect classification. To make a claim of selective enforcement under the Equal Protection Clause, a plaintiff must prove that the defendants' actions (1) had a discriminatory effect and (2) were motivated by a discriminatory purpose. *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 264–66 (1977). A showing of discriminatory effect requires a showing that the plaintiff was a member of a protected class, and that he was treated differently from those similarly situated who were not in that protected class. *Bradley v. United States*, 299 F.3d 197, 205–06 (3d Cir. 2002).

In this case, Plaintiff pleads that she is African American and that "charges were initiated against Plaintiff based on racial animus, because Plaintiff did not reside within the township limits of Gloucester or some other arbitrary factor." Compl. ¶ 92. These allegations are bare and conclusory. Further, Plaintiff cannot show that Davis' actions were motivated by a discriminatory purpose because a presumption of probable cause supports the charges. This Count thus fails to state a plausible selective enforcement claim. However, because the presumption is rebuttable by a showing that the indictment was procured by fraud, perjury, or other corrupt means, the Court will permit Plaintiff an opportunity to amend and dismisses Count V against Davis without prejudice.

### D. Civil Rights Violations Under the Fourteenth Amendment (Count VI)

#### 1. Winslow Township and Winslow PD

Plaintiff brings a separate "civil rights violation" claim under the Fourteenth Amendment. Like with the malicious prosecution and selective enforcement claims above, the Court analyzes any "civil rights violation" claim against Winslow Township and the Winslow PD under the section on *Monell* (Count VI).

#### 2. Davis

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). The operative Complaint here pleads that Defendants "acted with racial animus and no other lawful purpose in arresting and detaining Plaintiff without probable cause." Compl. ¶ 100. However, as discussed above, the charges brought upon Plaintiff are entitled to a presumption of probable cause which Plaintiff has failed to rebut. As such, the Complaint fails to make out a

plausible claim of civil rights violations based on Davis's investigation, and the Court dismisses this Count against Davis without prejudice.

### E. Monell (Count VI[2])

Plaintiff brings a *Monell* claim against Winslow Township and the Winslow PD. To hold a city liable under § 1983, the plaintiff must demonstrate that her rights were violated by a policy or custom of the city and that such policy or custom has been "the moving force" behind the deprivation of her constitutional rights. *See Monell*, 436 U.S. at 694. Municipal policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers." *Id.* at 690. A municipal custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id.* at 691. Under certain circumstances, a municipality's failure to properly train its employees and officers can amount to a "custom" that will trigger liability under § 1983. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989). When a plaintiff alleges that a policy "concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citations omitted). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted).

Plaintiff here supports her *Monell* claim by alleging that Winslow Township and the Winslow PD had policies and procedures of relying on uncorroborated statements, not verifying

---

[2] The Complaint numbered both the civil rights violation and *Monell* claims as Count VI.

11

facts, willfully disregarding the constitutional rights of New Jersey citizens, arresting citizens without probable cause, and failing to investigate cases. Such allegations fail to identify any particular official statements, ordinances, regulations, or decisions that amount to a policy, and also fails to mention the existence of previous, similar constitutional violations to show a custom. Because Plaintiff fails to support her *Monell* claim, it is dismissed without prejudice against Winslow Township and the Winslow PD.

## IV.    PLAINTIFF'S MOTION TO AMEND PLEADINGS

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings once as a matter of course within 21 days after service or 21 days after service of a motion under Rule 12(b). Otherwise, the party must obtain written consent of the opposing party or leave of the court. In this matter, Plaintiff does not qualify for amendment as a matter of course because she filed for leave to amend the Complaint more than 21 days after Winslow Defendants filed a Motion to Dismiss. District courts should freely grant leave to amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Plaintiff's proposed amendment seeks to replace John and Jane Doe Defendants with the names of three Winslow Police Officers. Because the Court finds that the proposed Amended Complaint with the additionally named parties would not survive a motion to dismiss, the Court denies Plaintiff's Motion to Amend as futile.

### A.    Winslow Police Officers (Official Capacities)

The Court presumes that Plaintiff seeks to name the three Winslow Police Officers in their official and individual capacities. A suit against a municipal official in her official capacity is treated as a suit against the municipality itself. *See McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 785 n.2 (1997). Because Plaintiff here asserts the same malicious prosecution claims against

Winslow Township and the Winslow PD, the Court finds the malicious prosecution claims against the Winslow Police Officers in their official capacities to be duplicative.

### B. Winslow Police Officers (Individual Capacities)

#### 1. *Malicious Prosecution*

To prove a malicious prosecution claim under New Jersey law, a plaintiff must show: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; [and] (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice." *Kossler*, 564 F.3d at 186 (citations omitted). A malicious prosecution claim under § 1983 additionally requires a showing that "the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Id.*

Plaintiff would base her malicious prosecution claims under § 1983 and common law on the arrest carried out by Winslow Police Officers. Winslow Defendants appear to argue that the indictment against Plaintiff creates a rebuttable presumption of probable cause for the arrest. The rebuttable presumption created by a grand jury indictment, however, does not attach to an arrest that precedes the indictment. *Goodwin v. Conway*, 836 F.3d 321, 329 n.35 (3d Cir. 2016). Nonetheless, Plaintiff's malicious prosecution claim fails because she cannot plead facts to support the element of malice. Malice can be inferred from a lack of probable cause, but some New Jersey courts have also required the plaintiff to "produce at least some extrinsic evidence" of malice. *Prince v. Aiellos*, 594 F. App'x 742, 746 (3d Cir. 2014) (quoting *Brunson v. Affinity Fed. Credit Union*, 972 A.2d 1112, 1120 (N.J. 2009)). Plaintiff alleges that Winslow Police Officers informed the Gloucester PD of the improbability of Plaintiff's involvement in the altercation with Ms. Lewis and corroborated Plaintiff's statements in a written report. These facts

do not cohere with any argument that Winslow Police Officers acted out of malice in arresting Plaintiff. Where a plaintiff's allegations fundamentally contradict a presence of malice on the part of the defendant, as is the case here, this Court will refrain from inferring malice based on a lack of probable cause. Because Plaintiff would not be able to show the elements of a malicious prosecution claim under § 1983 or state law, amending the malicious prosecution claim to name the three Winslow Police Officers would be futile.

2. *False Arrest (Counts II, IV), Selective Enforcement (Count V), Civil Rights Violations (Count VI)*

The false arrest, selective enforcement, and civil rights violations claims as currently pleaded cannot survive a motion to dismiss pursuant to Rule 12(b)(6), as discussed in Part III. Therefore, Plaintiff's proposed amendment would also be futile as to the remaining Counts of the Complaint.

## V. CONCLUSION

Winslow Defendants' Motion to Dismiss is **GRANTED**: Counts I, II, III, IV, V, and VI (civil rights violations) are **dismissed with prejudice**, and Count VI (*Monell*) is **dismissed without prejudice**. Davis's Motion to Dismiss is **GRANTED**: Counts II and IV are **dismissed with prejudice**, and Counts I, III, V, and VI (civil rights violations) are **dismissed without prejudice.** Plaintiff's Motion to Amend is **DENIED**.

Dated:   12/6/2016                                                                                         s/ Robert B. Kugler
                                                                                                                       ROBERT B. KUGLER
                                                                                                                       United State District Judge